IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT ALLEN RENNINGER, | No. 4:24-CV-01425 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN GREENE, | |
| Respondent. | |

MEMORANDUM OPINION

JANUARY 8, 2025

Petitioner Scott Allen Renninger filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution (FCI) Allenwood Low, in White Deer, Pennsylvania. He asserts, among other claims, that the Federal Bureau of Prisons (BOP) failed to properly calculate his earned time credits under the First Step Act (FSA).[1] For the following reasons, the Court must dismiss Renninger's Section 2241 petition.

I.   BACKGROUND

When Renninger initially filed his Section 2241 petition, he was incarcerated at FCI Allenwood Low.[2] He has since been released to home confinement.[3]

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).
[2] *See* Doc. 1 at 1.
[3] *See* Doc. 11. Although never explicitly stated, it appears from his notice of change of address that Renninger has been released to home confinement. *See id.* He also implies in his traverse that he is in home confinement. *See* Doc. 10 at 1.

In his initial Section 2241 petition filed in August 2024, Renninger contended that BOP officials miscalculated his FSA time credits and concomitant release date. Specifically, he maintains that he should have been credited for an additional 62 days of FSA programming from the date of his sentencing on October 20, 2022, to his arrival at FCI Allenwood Low on December 22, 2022.[4]

Renninger then filed a supplemental memorandum on September 10, 2024, which contained two additional claims: (1) the BOP "abused its discretion" by applying a "greatest severity Public Safety Factor" to him and by misclassifying his crime of conviction as a "crime of violence"; and (2) the BOP failed to comply with the express terms of his Rule 11(c)(1)(C) plea agreement regarding placement in the minimum security satellite camp at FCI Lewisburg rather than FCI Allenwood Low.[5]

Following Renninger's release to home confinement in October 2024, it appeared that most, if not all, of his Section 2241 challenges had become moot. The Court thus ordered Renninger to show cause as to why his Section 2241 petition should not be dismissed as moot due to his release to home confinement.[6]

Renninger timely responded, asserting that his initial FSA time credit dispute was not moot because a ruling in his favor could hasten his ultimate release

---

[4] *See* Doc. 1 at 2, 7; Doc. 1-2.
[5] *See generally* Doc. 8.
[6] Doc. 12.

date.[7] He further asserted that he is still asking the Court to "direct the BOP to modify his inmate record to reflect that" he was not convicted of a "crime of violence," one of the two claims contained in his supplemental memorandum.[8] These two remaining habeas claims are fully briefed and ripe for disposition.

## II. DISCUSSION

Respondent asserts that Renninger's FSA credit calculation claim must be dismissed because he failed to exhaust administrative remedies. Respondent additionally contends that Renninger's claims either fail on the merits or are not cognizable. The Court agrees that Renninger failed to exhaust his FSA time credit claim and that his classification claim is not cognizable on habeas review. Thus, his Section 2241 petition must be dismissed.

### A. Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[9] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves

---

[7] Doc. 13 at 1.
[8] *Id.*
[9] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[10]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[11] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[12] In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[13]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[14] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[15] Exhaustion is likewise excused when it would be futile.[16] "In order to invoke the futility

---

[10] *Moscato*, 98 F.3d at 761-62 (citations omitted).
[11] *See generally* 28 C.F.R. §§ 542.10-.19.
[12] *See id.* §§ 542.13-.15.
[13] *See id.* §§ 542.14(d)(2), 542.15.
[14] *See Moscato*, 98 F.3d at 761-62.
[15] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[16] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[17]

Renninger concedes that he did not exhaust his FSA credit calculation claim.[18] With respect to that claim, he appealed to the Regional Director but did not submit a final appeal to the General Counsel.[19] Renninger does not provide any basis to establish cause and prejudice to excuse his failure to complete the final step in the administrative remedy process.[20]

Renninger instead maintains that "exhaustion would be futile," asserting that the BOP will not "break with its own internal policy" without being forced to do so by the court.[21] Such a general and conclusory argument, however, does not establish a "clear and positive showing of futility" to circumvent exhaustion. Renninger should have, and indeed was required to, press his FSA credit calculation claim through final review with the General Counsel.[22] He did not, and

---

[17] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[18] *See* Doc. 10 at 1-2.

[19] *See* Docs. 1-9 through 1-15; Doc. 9-2 at 3 ¶ 12.

[20] It is unclear whether Renninger exhausted his "crime of violence" administrative classification claim. Respondent implies that this claim was exhausted. *See* Doc. 9 at 5 n.1. However, the declaration of Case Management Coordinator Bruce Beaver implies that only Renninger's Residential Drug Abuse Program (RDAP) eligibility claim was exhausted. *See* Doc. 9-2 at 3 ¶ 12 (averring that the only administrative remedy Renninger exhausted through final review with the General Counsel or "Central Office" was his claim regarding RDAP eligibility, a claim Renninger has explicitly acknowledged he did not raise in his Section 2241 petition and which he is not pursuing as a habeas claim, *see* Doc. 10 at 1).

[21] Doc. 10 at 1-2.

[22] Renninger's attachments to his initial Section 2241 petition establish that he received his response from the Regional Director in February 2024, (*see* Doc. 1-15), giving him ample time to submit his final appeal to the General Counsel before filing the instant habeas petition.

5

thus procedurally defaulted this claim.[23] Moreover, under Renninger's reasoning, virtually no claim would need to be appealed to intermediate review with the Regional Director or to final review with the General Counsel if either the warden or the Regional Director, respectively, relied on BOP policy in their administrative remedy denials. Such a broad interpretation of "futility" would eviscerate the BOP's carefully crafted multi-stage administrative remedy process.

Additionally, FSA time credit calculations are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance. Renninger's failure to exhaust his time credit calculation claim thus deprives this Court of a properly developed record for review.[24] Accordingly, this claim must be dismissed for failure to exhaust administrative remedies.[25]

---

[23] *See Moscato*, 98 F.3d at 761-62; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'" (citation omitted)).

[24] *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

[25] *See Moscato*, 98 F.3d at 762; *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

## B.     "Crime of Violence" Classification Challenge

The Court will assume that Renninger administratively exhausted his supplemental challenge to the BOP's "crime of violence" classification. That claim, however, is not cognizable on federal habeas review.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."[26] A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[27] Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence.[28] However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody."[29]

---

[26]  28 U.S.C. § 2241.
[27]  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).
[28]  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").
[29]  *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).

Renninger has not explained or established how the BOP's internal, administrative classification of his offense of conviction as a "crime of violence" affects the fact or duration of his confinement or the execution of his current sentence.[30] Renninger further admits that he "does not envision any scenario that would bring him back to prison[.]"[31]

In his show-cause response, he alleges—without argument or legal support—that the BOP's classification "has a direct bearing on [his] Second Amendment rights[.]"[32] Even assuming for the sake of argument that this proposition is accurate, Renninger has not demonstrated how such an ancillary consequence would render his claim cognizable in a Section 2241 petition, as it does not affect the fact, duration, or execution of his federal sentence. Consequently, there is no habeas jurisdiction for the current iteration of Renninger's "crime of violence" classification challenge.

---

[30] It appears, from attachments to his supplemental memorandum, that the BOP's classification—or alleged misclassification—of Renninger's offense of conviction as a crime of violence affected his potential for early release under 18 U.S.C. § 3621(e) following successful completion of RDAP. *See* Doc. 8-2. This specific claim, however, has not been pressed in the instant Section 2241 petition and Renninger plainly asserts that he is "no longer seeking the one-year sentence reduction [he] was entitled to for finishing RDAP." Doc. 10 at 1. Renninger has failed to establish how the BOP's classification of his offense of conviction otherwise affects the duration or execution of his sentence beyond RDAP eligibility and Section 3621(e).
[31] Doc. 8 at 4.
[32] Doc. 13 at 1.

## III.   CONCLUSION

For the foregoing reasons, the Court must dismiss Renninger's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge